# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re*: J.D. II, J.D., & K.D.**

**No. 14-0653** (Calhoun County 13-JA-65 through 13-JA-67)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Erica Brannon Gunn, appeals the June 11, 2014, order of the Circuit Court of Calhoun County that terminated her parental rights to seven-year-old J.D. II, five-year-old J.D., and four-year-old K.D. The children's guardian ad litem, Tony Morgan, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel Lee A. Niezgoda, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in making the following findings: (1) that petitioner should have recognized signs that another child in the home, S.D., was being abused by her father,[1] (2) that petitioner's testimony about her lack of knowledge about the sexual abuse was "not credible and was misleading," and (3) that petitioner's testimony about where her children slept in the household was also misleading, not credible, and indicative of her continued failure to cooperate and acknowledge her lack of judgment. Petitioner also argues that the circuit court erred by not making the proper findings necessary to terminate parental rights, denying petitioner an improvement period, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR filed an abuse and neglect petition against petitioner, petitioner's husband, and S.D.'s parents. The petition alleged that all of the parents, subject children, S.D., and S.D.'s brother lived in the same home when S.D.'s father was sexually abusing S.D. The petition alleged that all four parents had knowledge of this sexual abuse and failed to protect S.D. and the other children from this abuse and incest. The petition alleged that, instead, the parents blamed S.D. for "bringing the sexual abuse upon herself." The petition also alleged that the parents threatened the children's health through their inability to supply them with a safe and stable home environment and through their inadequate health and dental care, as

---

[1] Child S.D. is not petitioner's biological child and is not a subject child as it relates to this appeal. S.D.'s father and mother were also named in the underlying abuse and neglect petition. S.D. is the sister of petitioner's husband.

exhibited by the children's tooth decay, chronic head lice, and periods of hunger. The petition also alleged that due to the aggravated circumstances of sexual abuse, the DHHR was not required to offer services in the home.

After multiple adjudicatory hearings, including one in camera hearing with S.D., the circuit court adjudicated the parents as abusing parents and the children as abused and neglected children. The circuit court found that when the entire family previously resided together in Braxton County, there were multiple serious referrals and allegations made to Child Protective Services against the adults concerning incest and sexual misconduct; although investigations were made, the children were never removed from the home. The circuit court further found that sexual abuse against S.D., by her father, had occurred when the family lived in Braxton County and continued when the family moved to Calhoun County, and was continuing at the time of the children's removal. The circuit court adjudicated petitioner and her husband based upon the following: exposing the children to the risk of possible abuse by S.D.'s father; their failure to take any remedial action to protect S.D. from further sexual abuse even after petitioner walked in on S.D.'s brother sexually abusing S.D.; petitioner and her husband's decision to allow their children to live in the same home as S.D.'s parents and to sleep in an adjoining room to S.D.'s parents, despite signs that S.D. was being sexually abused by her father; their failure to take action after witnessing S.D.'s father physically assault S.D., who was then pregnant with his child, by punching her on the floor, causing her to suffer a blackened eye; and their failure to provide the children with adequate health and dental care.

Thereafter, petitioner filed a motion for an improvement period prior to the circuit court's dispositional hearing. Following the dispositional hearing, the circuit court denied this motion and terminated the parental rights of petitioner and her husband. The circuit court found that the serious sexual assault in the home made efforts to preserve the family unreasonable and impossible; that S.D.'s sexual abuser would be a serious threat to any children in the home; and that the parents' failure to appear for two scheduled psychological evaluations indicated their defensiveness, guilt, and unwillingness to participate and cooperate with a family case plan. The circuit court also found that petitioner's testimony concerning her children's sleeping arrangements, and her belief that S.D. was not being sexually abused, was not credible and was evidence of her denial that sexual abuse was occurring in the home. The circuit court also found that the subject children displayed significant symptoms of trauma from continual abuse and did not have a bond with their parents. After also finding that the parents lacked the ability to parent and protect the children, that there was no reasonable likelihood that the abuse and neglect could be substantially corrected, and that termination of parental rights was in the children's best interests, the circuit court terminated the parents' parental rights to the children. Petitioner now appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

2

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error in the circuit court's findings, its denial of petitioner's motion for an improvement period, and its termination of petitioner's parental rights. We have held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily,* 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999)). Under West Virginia Code § 49-1-3(1)(A), an "abused child" is one "whose health or welfare is harmed or threatened by [] [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." We also bear in mind the following:

The term "knowingly" as used in West Virginia Code § 49–1–3(a)(1) (1995) does not require that a parent actually be present at the time the abuse occurs, but rather that the parent was presented with sufficient facts from which he/she could have and should have recognized that abuse has occurred.

Syl. Pt. 7, *W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). The record reveals that petitioner testified that she once walked into a room where S.D. and S.D.'s brother were together and sitting very close to each other, but with their clothes on. After seeing them together like this, petitioner testified that she did not feel uncomfortable, but that she worried about S.D. and told her husband that he should go check on S.D. and S.D.'s brother and "make sure everything was okay." In contrast to petitioner's testimony, S.D. previously testified, in camera, that when petitioner walked in on S.D. and her brother, S.D.'s brother was sexually abusing S.D. and that petitioner thereafter notified her husband of this abuse, but that neither petitioner nor her husband did anything to remedy the abuse. When petitioner was questioned about S.D.'s testimony, petitioner testified that she would have no reason to believe that S.D. would lie about being abused, but insisted that she never witnessed S.D.'s brother sexually abusing S.D. Further, petitioner testified that her children would fall asleep in the living room beside S.D.'s father's room, but she was not concerned. The record also reveals that petitioner and her husband were present when S.D. and S.D.'s father would leave the home for unexplained periods of time and that they were present when S.D.'s father physically assaulted her. This evidence supports the circuit court's findings in its orders below. We find no reasons to overturn these findings.

This Court further finds no error with the circuit court's termination of petitioner's parental rights without an improvement period. Under West Virginia Code § 49-6-12(c), circuit courts have the discretion to grant an improvement period at disposition if the subject parent demonstrates by clear and convincing evidence that he or she will likely fully participate in the improvement period. We have also held as follows:

> [f]ailure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*W.Va. Dept. of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996). Moreover, West Virginia Code § 49-6-5(a)(7)(A) directs that the DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that the parent has subjected the children in the home to aggravated circumstances of sexual abuse.

The record reveals that, at the dispositional hearing, petitioner continued to deny that she ever witnessed any sexual abuse against S.D. or had any reason to believe that sexual abuse existed in the home. Petitioner also missed appointments for her psychological evaluation both times it was scheduled. Our review of the record shows that petitioner did not meet her burden in proving that she would fully participate in an improvement period. Under these circumstances, the DHHR was not required to make reasonable efforts to preserve the family. Accordingly, we find no error in the circuit court's denial of an improvement period for petitioner.

Petitioner also argues that, in terminating her parental rights, the circuit court erroneously failed to make a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. However, our review of the record shows that the circuit court clearly made this specific finding as its twenty-fourth finding of fact on the sixth page of the dispositional order.[2] The circuit court further found that the children's welfare would be seriously threatened if they were returned to their parents. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the June 11, 2014, order of the Circuit Court of Calhoun County terminating petitioner's parental rights to J.D. II, J.D., and K.D.

Affirmed.

---

[2] The circuit court clearly found as follows:

24. There is no reasonable likelihood that the conditions of child abuse and neglect can be substantially corrected in the foreseeable future considering the [children's] need for continuity of care and caretakers and the amount of time required for the children to be integrated into a stable and permanent home environment.

4

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II